# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JOE WILSON, JR** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 09-1748 (RMC)** |
| | ) | |
| **U.S. DEPARTMENT OF** | ) | |
| **TRANSPORTATION** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Joe Wilson, Jr., is an employee at the Federal Highway Administration ("FHWA"), an agency within the U.S. Department of Transportation ("DOT"). Armed with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Mr. Wilson has peppered DOT with requests for documentation arising from employee surveys in 2007 and 2008 and all harassment, discrimination, and Equal Employment Opportunity ("EEO") complaints directed at the Office of the Chief Financial Officer ("OCFO")[1]. Frustrated by DOT's responses, Mr. Wilson filed suit, alleging that DOT improperly withheld responsive documents. DOT moves to dismiss or, alternatively, for summary judgment. *See* Def.'s Mem. in Support of Mot. for Summ. J. [Dkt. # 5] ("Def.'s Mem."). The Court will grant DOT summary judgment in that Mr. Wilson failed to exhaust administrative remedies as to two FOIA requests at issue in this matter and because DOT satisfied its obligations under the FOIA with respect to the other two requests.

---

[1] The Office of the Chief Financial Officer sits within the Federal Highway Administration.

# I.  FACTS

Mr. Wilson has submitted numerous FOIA requests to the FHWA, a component of DOT.  Under the FHWA's decentralized FOIA process, the office that actually possesses requested records has the authority to issue an initial determination on what to release in response to a FOIA request.  The Office of Information and Management Services is responsible for logging, tracking, and assigning FOIA requests within the FHWA.  The Associate Administrator for Administration ("FOIA Appeals Official") is FHWA's FOIA official charged with handling appeals and for issuing Final Agency Decisions on the appeals.  One indication of the scope of Mr. Wilson's inquiries is that he submitted seventeen appeals of initial FOIA determinations to the FOIA Appeals Official between June 19, 2009 and August 27, 2009.

## A.  FOIA Request No. 2009-0081

In an email message dated November 19, 2008, Mr. Wilson submitted a FOIA request to the FHWA FOIA officer for "the surveys taken for the Office of the Chief [sic] Financial Officer (OCFO)."  Def.'s Mem., Ex. 1 (Nov. 19, 2008 Email).  This was one of multiple emails from Mr. Wilson requesting records under FOIA at approximately the same time, so a FOIA officer responded via email on November 20, 2008, outlining the requests and seeking clarification as to their scope. In a letter dated November 20, 2008, FHWA notified Mr. Wilson that his request for "the 2008 All Employee Survey taken for the Office of the Chief Financial Officer[]" was docketed as FOIA Request No. 2009-0081.  Def.'s Mem., Ex. 3 (Nov. 20, 2008 FHWA Letter).  The letter also indicated that Mr. Wilson's request was being forwarded to the FHWA's Office of Human Resources Management ("Human Resources") as any responsive records would likely be held there. The All Employee Survey attempts to collect data on employee satisfaction in areas such as job

quality, job satisfaction, learning opportunities, development, management, and other topics. The survey is anonymous and purely voluntary.

By letter dated January 16, 2009, FHWA provided Mr. Wilson with the results of the survey for OCFO, as well as the Executive Summary of the survey, and the results for FHWA as a whole. The documents were released without redactions. The letter also informed Mr. Wilson of his right to appeal the decision to the FOIA Appeals Officer, where the appeal should be directed, and the deadline for appealing the decision. Mr. Wilson did not appeal.

### B. FOIA Request No. 2009-0157

On February 19, 2009, Mr. Wilson submitted another FOIA request to the FHWA by email. He wrote: "Attached is an email regarding the 07 survey. Please provide the complete survey including the comments." Def.'s Mem., Ex. 5 ("Wilson & Kreischer Email Exchange I"). Jeb Kreischer, the FOIA liaison, responded by email later that day asking: "Are you asking for the raw data related to the responses to the All Employee Survey (including any comments) that were submitted by employees of the Office of the Chief Financial Officer?" *Id*. Mr. Wilson replied: "Yes indeed Jeb. The raw data, the summaries, the comments, etc — the entire package." *Id*. In an acknowledgment letter dated February 20, 2009, the FHWA notified Mr. Wilson that his request for the raw data, and comments, from the 2007 All Employee Survey for employees of the OCFO was assigned FOIA Request No. 2009-0157, and that the request had been forwarded to Human Resources for review and response.

Through an email exchange with Mr. Kreischer, Mr. Wilson narrowed this request on March 24, 2009, to include only employee "written comments[]" after the results of the 2007 survey became available on the FHWA's intranet. Def.'s Mem., Ex. 7 (Wilson & Kreischer Email

Exchange II). Human Resources conducted a search for responsive records, but employee comments from the 2007 All Employee Survey were only segregated based on the employee location at either (1) headquarters, (2) field offices, or (3) federal lands offices. To ensure confidentiality, the written employee comments had not been further distilled to show originating office. Because the FHWA had no documents that separated, or even identified, comments from OCFO employees, as opposed to all employees within DOT headquarters, Human Resources informed Mr. Wilson by letter that there were no records responsive to his request.

Mr. Wilson appealed the determination by email on June 13, 2009. In a follow-up email, Mr. Wilson, misunderstanding the FHWA's explanation for its denial, argued that he did not understand why separating comments to avoid personal identifiers was at issue since he only requested anonymous comments. By letter dated August 18, 2009, the FOIA Appeals Official issued a Final Agency Decision for FOIA Request No. 2009-0157.[2] The FOIA Appeals Official interpreted Mr. Wilson's appeal to cover both the scope and the reasonableness of the initial search and found that both satisfied the FHWA's FOIA obligations. The FOIA Appeals Official found that Mr. Wilson clarified, in his email exchange with Mr. Kreischer, that the scope of his request was limited to comments from employees in the OCFO, which were anonymous and could not be distinguished from comments of other headquarters' employees. Therefore, despite a reasonable search, the FHWA acted properly as responsive records did not exist. The FOIA Appeals Official noted that Human Resources "in fact went beyond the requirements for compliance with the FOIA by making a good faith effort to explain the reason no responsive records in connection with your request were

---

[2] The appeal was identified as FOIA Appeal No. 2009-0344 but the Court will continue to refer to its original number for clarity.

4

located." Def.'s Mem., Ex. 10 (Aug. 18, 2009 Final Agency Decision).

### C.  FOIA Request No. 2009-0087

On or before November 19, 2008, Mr. Wilson requested OFCO records concerning all complaints of harassment, all complaints of discrimination, and all EEO complaints made within the past five years.  In a November 20, 2008 email, FHWA acknowledged the request and indicated that it had been assigned FOIA Request No. 2009-0087.  By letter dated November 20, 2008, FHWA also notified Mr. Wilson that his request would be forwarded to Human Resources for review and response.  The letter explained that the request was interpreted to be seeking "information pertaining [to] harassment, discrimination and EEO complaints against the Office of the Chief Financial Officer."  Def.'s Mem., Ex. 11 (Nov. 20, 2008 FHWA Letter).  By letter dated January 16, 2009, Human Resources responded to several of Mr. Wilson's FOIA requests at once.  As to FOIA Request No. 2009-0087, the letter informed Mr. Wilson that there had been three formal complaints originating in the OCFO in the past five years.  However, Human Resources explained that the information in a formal EEO complaint is confidential, so no documents would be released.  The letter also informed Mr. Wilson of his right to appeal the decision to the FOIA Appeals Officer, where the appeal should be directed, and the deadline for appealing the decision.  Mr. Wilson did not appeal.

### D.  FOIA Request No. 2009-0237

On April 21, 2009, Mr. Wilson emailed a FOIA request to the FHWA requesting "complaints from OCFO employees to the EEO/Civil Rights Office."  Def.'s Mem., Ex. 12 ("April 21, 2009 FOIA Request").  Specifically, Mr. Wilson sought "records of **all** EEO complaints from the OCFO *held in the Office of Civil Rights/EEO*."  *Id*. (second emphasis added).  He requested that

the FHWA provide "at minimum the date, nature, resolution proposed, action taken, and current status[]" of relevant complaints. *Id.* As the FHWA did not confirm receipt of the FOIA request, Mr. Wilson resubmitted it on May 8, 2009. In his follow up email, Mr. Wilson requested that the original request be expanded to include all complaints from Human Resources employees to the EEO/Civil Rights Office as well. By a letter dated May 8, 2009, the FHWA confirmed receipt of the request seeking "detail[ed] information regarding EEO complaints," assigned it FOIA Request No. 2009-0237, and informed Mr. Wilson that any responsive records would likely be in the FHWA Office of Civil Rights so his request had been transferred there for review and action. Def.'s Mem., Ex. 13 (May 8, 2009 FHWA Letter).

By letter dated June 11, 2009, the FHWA Office of Civil Rights responded to FOIA Request No. 2009-0237, informing Mr. Wilson that the information requested was not maintained at that particular office, but instead might be found in the Departmental Office of Civil Rights, within the Office of the Secretary of Transportation. The letter explained that once a complainant decides to initiate a formal EEO complaint, all information held by the FHWA Office of Civil Rights relating to the matter is transferred to the Departmental Office of Civil Rights.[3] The letter suggested that Mr. Wilson may want to submit a separate FOIA request to the Office of the Secretary of Transportation and included the contact information for that office. The letter also explained Mr. Wilson's right to appeal the FHWA's determination.

---

[3] DOT is composed of the Office of the Secretary of Transportation and various transportation components, such as the FHWA. Each component has its own office of civil rights, such as the FHWA Office of Civil Rights. The Departmental Office of Civil Rights sits within the Office of the Secretary of Transportation, however, and oversees the various component Offices of Civil Rights.

Mr. Wilson appealed the response by email dated June 14, 2009.[4]  In response, on

October 29, 2009, the FHWA Office of Civil Rights conducted a new search for responsive records

to include "all open and closed pre-complaint files maintained in the FHWA Office of Civil Rights."

Def.'s Mem., Attach. 22 (Decl. of Brenda Armstead) ¶ 6.  Ms. Armstead, an Equal Opportunity

Specialist at the FHWA, explains:

> FHWA Office of Civil Rights maintains pre-complaint files.  If FHWA
> Office of Civil Rights is unable to resolve a dispute during the pre-
> complaint process, then the employee is provided with a Notice of Right to
> File a Discrimination Complaint.  The Departmental Office of Civil Rights
> in the Office of the Secretary (OST) is the only office with authority to
> accept a formal EEO Discrimination Complaint.

* * * *

> The files searched did not contain copies of formal EEO complaints because
> complaint files are held in the Departmental Office of Civil Rights in [the
> Office of the Secretary of Transportation].

* * * *

> The Office of Civil Rights maintains an EEO Counseling Activity Log by
> fiscal year. . . .  Some of the information contained on the log includes the
> name of the aggrieved person, the name of the EEO Counselor and dates for
> all EEO Counseling activity.  The log also indicates whether a formal
> complaint has been filed.

> The Departmental Office of Civil Rights has determined that contents of the
> pre-complaint files maintained by the Operating Administrations [DOT
> components] . . . are pieces of the entire EEO complaint file.  The
> Departmental Office of Civil Rights has control over all EEO complaint
> files.  Therefore, the Departmental Office of Civil Rights has determined
> that only the Departmental Office of Civil Rights would be able to respond
> to requests which involve formal complaint files.

*Id.* ¶¶ 5–8.

---

[4] On appeal, the request was numbered FOIA Appeal No. 2009-0302 but the Court will
continue to use its initial numbering for clarity.

The FOIA Appeals Official issued a Final Agency Decision on November 20, 2009, in the appeal of FOIA Request No. 2009-0237. The FOIA Appeals Official determined the FHWA had reasonably construed the scope of Mr. Wilson's FOIA request to encompass only formal complaints brought by employees working for the OCFO and Human Resources, and to not include pre-complaint records. The FOIA Appeals Official based this finding on Mr. Wilson's original May 8, 2009 request, which sought "records of all EEO complaints" and only later, in his June 14, 2009 appeal, did Mr. Wilson change the scope of his request to include "all records of EEO complaints." Def.'s Mem., Ex. 17 ("Nov. 20, 2009 Final Agency Decision") at 2.

The Final Agency Decision outlined the EEO complaints process within the FHWA and the DOT and explained the role of the FHWA Office of Civil Rights in the pre-complaint process and the role of the Departmental Office of Civil Rights in the formal complaint process. It then explained:

> We have discussed with [the FHWA Office of Civil Rights] your claim that [that office] does in fact possess records related to EEO complaints from [OCFO] and [Human Resources] employees that they are denying are in existence and are improperly withholding from you. During the course of these discussions, [the FHWA Office of Civil Rights] brought to our attention that during a meeting between you and an employee in [that office], you were inadvertently and briefly exposed to files that may have included portions of certain EEO complaint files. Please understand that this exposure was inadvertent and regrettable. In any event . . . EEO complaint files originate in [the Departmental Office of Civil Rights] and release or control of those records is determined by [the Departmental Office of Civil Rights, not the FHWA]. The FHWA is not at liberty to contemplate disclosing any such record.

*Id*. at 3–4. Further, the FOIA Appeals Official informed Mr. Wilson that the FHWA Office of Civil Rights should have referred any records in its files to the Departmental Office of Civil Rights for a determination as to release of any records, that such referral had been made, and that the

Departmental Office of Civil Rights had issued an initial decision to withhold those documents. The Departmental Office of Civil Rights's decision letter was enclosed. The record does not reflect that Mr. Wilson appealed the decision by the Departmental Office of Civil Rights.

Nonetheless, the FOIA Appeals Official released a redacted version of a log maintained by the FHWA Office of Civil Rights with the November 20, 2009 Final Agency Decision. The log contained information on EEO pre-counseling activity, limited information on whether a complainant decided to proceed with a formal EEO complaint, and the organizational location of the complainant. The name of each complainant was withheld pursuant to FOIA Exemption 6, 5 U.S.C. § 552(b)(6). Information on EEO pre-counseling was also withheld as non-responsive to Mr. Wilson's request since it was different from complaint information. Mr. Wilson was advised of his right to seek judicial review of this decision.

## II. LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment[5] must be

---

[5] The Department of Transportation asserts that Mr. Wilson's claims should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and moves, in the alternative, for summary judgment under Fed. R. Civ. P. 56. As this case was brought under the FOIA, it presents a question of federal law over which this Court has original jurisdiction. 28 U.S.C. § 1331. Moreover, the DOT's arguments that Mr. Wilson failed to exhaust administrative remedies are appropriately reviewed under Rule 12(b)(6), not under Rule 12(b)(1). *See Hidalgo v. FBI*, 344 F.3d 1256, 1260 (D.C. Cir. 2003); *Jones v. U.S. Dep't of Justice*, 576 F. Supp. 2d 64, 65–66 (D.D.C. 2008) ("When a FOIA defendant disputes that a FOIA plaintiff has fulfilled the exhaustion requirement, the matter is properly the subject of a motion brought under Rule 12(b)(6) for failure to state a claim upon which relief can be granted."). As such, there are no grounds for dismissal under Rule 12(b)(1).

Furthermore, because "matters outside the pleading are presented to and not excluded by [this] court," the DOT's motion shall be treated as one for summary judgment. *See Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003) (holding that where a court considering a Rule 12(b)(6) motion relies on matters outside the pleading, the motion must be treated as a Rule 56 motion for summary judgment).

granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Moreover, summary judgment is properly granted against a party who, "after adequate time for discovery and upon motion . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In ruling on a motion for summary judgment, the court must draw all justifiable inferences in the nonmoving party's favor and accept the nonmoving party's evidence as true. *Anderson*, 477 U.S. at 255. A nonmoving party, however, must establish more than "[t]he mere existence of a scintilla of evidence" in support of its position. *Id.* at 252.

Any factual assertions contained in affidavits and other attachments in support of motions for summary judgment are accepted as true unless the nonmoving party submits affidavits or other documentary evidence contradicting those assertions. *Neal v. Kelly*, 963 F.2d 453, 456–57 (D.C. Cir. 1992) (requiring that incarcerated defendants be given notice that "any factual assertion in a movant's affidavits will be accepted by the district judge as being true unless the [nonmoving party] submits his own affidavits or other documentary evidence contradicting the assertion"); Fed. R. Civ. P. 56(e) ("When a motion for summary judgment is properly made and supported [by affidavits], an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."). FOIA cases are typically and appropriately

decided on motions for summary judgment. *See, e.g., Miscavige v. IRS*, 2 F.3d 366, 368 (11th Cir. 1993); *Rushford v. Civiletti*, 485 F. Supp. 477, 481 n.13 (D.D.C. 1980).

The Freedom of Information Act requires agencies of the federal government to release records to the public upon request, unless one of nine statutory exemptions applies. *See NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 136 (1975); 5 U.S.C. § 552(b). To prevail in a FOIA case, a plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). A suit is only authorized under the FOIA against federal agencies and injunctive relief is only available to remedy an agency's improper withholding of information. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also* 5 U.S.C. § 552(a)(4)(B) & (f)(1). Once the requested records have been produced there is no longer a case or controversy and the FOIA action becomes moot. *Crooker v. U. S. State Dep't*, 628 F.2d 9, 10 (D.C. Cir. 1980).

The adequacy of a search carried out in response to a FOIA request is measured by a standard of reasonableness and depends on the individual circumstances of each case. *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). The question is not whether other responsive documents may exist, but whether the search itself was adequate. *Steinberg v. U.S. Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). Before it can obtain summary judgment in a FOIA case, an agency "must show, viewing the facts in the light most favorable to the requester, that . . . [it] has conducted a search reasonably calculated to uncover all relevant documents." *Id.* (internal quotation marks omitted). There is no requirement that an agency search every record system, but the agency must conduct a good faith, reasonable search of those systems of records likely to possess the requested information. *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

11

Once an agency has explained the adequacy of its search by affidavit, the burden shifts back to the plaintiff to demonstrate a lack of a good faith search. *See Maynard v. CIA*, 986 F.2d 547, 560 (1st Cir. 1993). This presumption of good faith "cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted). Further, an agency may justify its invocation of an exemption by the declaration of responsible agency officials, when the declarations describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).

FOIA "was not intended to reduce government agencies to full-time investigators on behalf of requesters." *Judicial Watch, Inc. v. Export-Import Bank*, 108 F. Supp. 2d 19, 27 (D.D.C. 2000) (internal quotation marks omitted). As such, agencies are not required to "organize documents to facilitate FOIA responses." *Goulding v. IRS*, Civ. No. 97 C 5628, 1998 WL 325202, at *5 (N.D. Ill. June 8, 1998) (citing *Sears, Roebuck*, 421 U.S. at 161–62). In addition, FOIA does not require agencies to create or retain documents. *Moore v. Bush*, 601 F. Supp. 2d 6, 15 (D.D.C. 2009). Further, an agency is not required to undertake a search that is so broad as to be unduly burdensome. *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 892–92 (D.C. Cir. 1995). It is the "requester's responsibility to frame requests with sufficient particularity." *Judicial Watch*, 108 F. Supp. 2d at 27 (internal quotation marks omitted). An agency is "not obliged to look beyond the four corners of the request for leads to the location of responsive documents." *Kowalczyk v. U.S. Dep't. of Justice,* 73 F.3d 386, 389 (D.C. Cir. 1996).

Before an action may be brought in the district court, a FOIA requester must exhaust administrative remedies in order to give the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hidalgo v. FBI*, 344 F.3d 1256, 1258–59 (D.C. Cir. 2003). While exhaustion is not a jurisdictional requirement, "as a jurisprudential doctrine, failure to exhaust precludes judicial review if 'the purposes of exhaustion' and the 'particular administrative scheme' support such a bar." *Id.* As "the FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review," failure to exhaust is a prudential requirement in the FOIA context. *Id.*; *Wilbur v. CIA*, 355 F.3d 675, 676–77 (D.C. Cir. 2004) (holding that "exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA") (internal quotation marks omitted). If a FOIA requester fails to appeal an adverse determination administratively before filing suit, he has failed to exhaust administrative remedies. *Hidalgo*, 344 F.3d at 1259–60.

### III. ANALYSIS

The Court finds no legal error in the FHWA's handling of Mr. Wilson's FOIA requests. Mr. Wilson has failed to exhaust the administrative remedies with regard to two of the FOIA requests in this matter, and the FHWA has satisfied its obligations under the FOIA with regard to the other two requests.

### A. FOIA Request Nos. 2009-0081 and 2009-0087

Mr. Wilson failed to exhaust his administrative remedies as to FOIA Request Nos. 2009-0081 (interpreted to cover the 2008 All Employee Survey) and 2009-0087 (covering EEO complaints from employees in the OCFO) and thus summary judgment will be granted to DOT as to these two claims. *See Hidalgo*, 344 F.3d at 1258–60.

Mr. Wilson received an initial response to FOIA Request No. 2009-0081 by letter providing him with the results of the 2008 All Employee Survey without redaction. The letter also contained information regarding his right to appeal the determination. Mr. Wilson did not appeal this decision. Mr. Wilson now argues that FOIA Request No. 2009-0081 "by misinterpretation became obscured to where the Plaintiff allowed it to expire and reinstated it under FOIA # 2009-0157 . . . ." Pl.'s Opp'n [Dkt. # 9] ("Opp'n") at 3. However, these two FOIA Requests sought different information. FOIA Request No. 2009-0081 was interpreted, without objection by Mr. Wilson, to request the 2008 All Employee Survey without written comments. FOIA Request No. 2009-0157 asked for the 2007 All Employee Survey, including written comments. Nothing in the record indicates that DOT treated FOIA Request No. 2009-0157 as the reinstated FOIA Request No. 2009-0081. The record does reflect that Mr. Wilson was provided with responsive documents by the FHWA as to FOIA Request No. 2009-0081, that Mr. Wilson was informed of his right to appeal and the deadline to appeal this determination, and that Mr. Wilson did not in fact file an administrative appeal.

FOIA Request No. 2009-0087 requested OCFO records concerning all complaints of harassment, all complaints of discrimination, and all EEO complaints within the past five years. The FHWA notified Mr. Wilson by letter that there were three formal complaints originating in the OCFO in the last 5 years, but that the information contained in those complaints was confidential and would not be released. This letter also informed Mr. Wilson of his right to appeal, but he did not appeal. Mr. Wilson again argues that FOIA Request No. 2009-0087 "by misinterpretation also became obscured to where the Plaintiff allowed it to expire and reinstated it under FOIA # 2009-0237." Opp'n at 3. However, these two FOIA Requests are also distinguishable. FOIA Request No.

2009-0087 requested records of harassment, discrimination and EEO complaints directed against the OCFO. FOIA Request No. 2009-0237 asked for records of EEO complaints from OCFO employees, and later Human Resources employees, filed in the FHWA's Civil Rights Office. Critical, however, is that Mr. Wilson received a determination on FOIA Request No. 2009-0087, he was informed of the process and deadline by which to appeal, yet he did not appeal the adverse determination.[6]

Mr. Wilson argues that he went "above and beyond to exhaust all administrative options to resolve this out of court," namely, complaining to several offices within DOT and requesting mediation with the Associate Administrator at the Departmental Office of Civil Rights. Opp'n at 3–4. However, these efforts did not exhaust Mr. Wilson's administrative remedies as they were not an appeal of the initial FHWA determination pursuant to DOT's FOIA regulations. The regulations require that FOIA appeals be filed with the DOT official responsible for processing appeals, in this case the Associate Administrator for Administration. *See* 49 C.F.R. § 7.21(c)–(d); *see also Thorn v. United States*, Civ. No. 04-1185, 2005 WL 3276285, at *2–3 (D.D.C. Aug. 11, 2005) (holding that plaintiff failed to exhaust administrative remedies where plaintiff sent a letter to the Attorney General grieving the initial agency determination instead of following the administrative appeal process specified by agency regulations).

### B. FOIA Request No. 2009-0157

As to FOIA Request No. 2009-0157, Mr. Wilson argues that "the Defendant insisted

---

[6] Furthermore, to the extent that FOIA Request No. 2009-0081 was allowed to expire and became reinstated as FOIA Request No. 2009-0157, and FOIA Request No. 2009-0087 was also allowed to expire and became reinstated as FOIA Request No. 2009-0237, the Court rules on the merits of DOT's handling of FOIA Request Nos. 2009-0157 and 2009-0237, so Mr. Wilson is, in effect, in the same position regardless of the fact that FOIA Request Nos. 2009-0081 and 2009-0087 are dismissed for failure to exhaust administrative remedies.

on assuming that the Plaintiff requested (#2009-0157) employee comments exclusively from the Office of the Chief Financial Officer . . . thus unreasonably limiting the scope of their search." Opp'n at 5. The record indicates that Mr. Wilson agreed to this limited definition of the scope of his request. In his response to the initial request, Jeb Kreischer asked: "Are you asking for the raw data related to the responses to the All Employee Survey (including any comments) that were submitted by employees of the Office of the Chief Financial Officer?" Wilson & Kreischer Email Exchange I. Mr. Wilson replied: "Yes indeed Jeb. The raw data, the summaries, the comments, etc — the entire package." *Id*. In an acknowledgment letter dated February 20, 2009, Mr. Kriescher notified Mr. Wilson that his request for "information records related to the raw data in connection with the Fiscal Year 2007 All Employee Survey (including any comments) that were submitted by employees of the Chief Financial Officer" had been forwarded to Human Resources.

Mr. Wilson failed to frame FOIA Request No. 2009-0157 with "sufficient particularity," if he wanted something else. *See Judicial Watch*, 108 F. Supp. 2d at 27; *see also* 5 U.S.C. § 552(a)(3)(A) (requiring that FOIA requests "reasonably describe" the records sought). Because of the ambiguity of the request, the FHWA sought clarification by proposing a reasonable interpretation of its scope. Having agreed to that interpretation, Mr. Wilson cannot now argue that he meant something else. *See, e.g.*, *Kenney v. U.S. Dep't of Justice*, 603 F. Supp. 2d 184, 189 (D.D.C. 2009) ("Plaintiff cannot allege that the agency failed to produce responsive records, when the records he now identifies fall outside the scope of his appropriately narrowed request."). Furthermore, it does not appear in the record that Mr. Wilson objected to the FHWA's interpretation of his FOIA request until the appeal. The written comments from all headquarters' employees that Mr. Wilson now intimates that he sought fall outside of the scope of FOIA Request No. 2009-0157.

If Mr. Wilson would be satisfied with these written comments, *see* Opp. at 5, he remains free to submit a new and particular FOIA request.

Furthermore, the Court finds that the FHWA conducted a reasonable search in response to the request. The FHWA explained that employee comments on the 2007 All Employee Survey were anonymous and identified only as coming from FHWA headquarters, FHWA field offices or FHWA federal lands offices.[7] The survey results were not broken down any further to reveal originating office in order to preserve anonymity. The records that Mr. Wilson was interpreted to be requesting — the comments submitted by employees of the OCFO on the 2007 All Employee Survey — cannot be culled out from the hundreds of comments submitted by all other FHWA headquarters employees. Therefore, the records that Mr. Wilson requests simply do not exist in the format he requests them, and "[a]gencies need not organize documents to facilitate FOIA responses." *Goulding v. IRS*, 1998 WL 325202, at * 5 (citing *Sears, Roebuck & Co.*, 421 U.S. at 162); *see also Blakey v. U.S. Dep't of Justice*, 549 F. Supp. 362, 366-67 (D.D.C. 1982) ("The FOIA was not intended to compel agencies to become ad hoc investigators for requesters whose requests are not compatible with their own information retrieval systems."), *aff'd*, 720 F.2d 215 (D.C. Cir. 1983) (unpublished table decision); *Moore*, 601 F. Supp. 2d at 15 ("FOIA does not obligate agencies to create . . . documents[]"). It would be "unduly burdensome," if not impossible, for the FHWA to identify the records responsive to Mr. Wilson's request. *See Nation Magazine*, 71 F.3d at 891–92 (an agency is not required to undertake a search that is so broad as to be unduly burdensome).

---

[7] FHWA contracts with a private vendor to administer the surveys and process the results. The private vendor, by contract, was obligated to separate the employee survey results into the three categories. Under the terms of the contract, the private vendor was not obligated to provide any more data to the FHWA.

The declarations submitted by the DOT demonstrate that the FHWA has "conducted a search reasonably calculated to uncover all relevant documents." *Steinberg*, 23 F.3d at 551 (internal quotation marks omitted). The Director of Human Resources directed the two co-chairs of the FHWA Human Resources Management Committee, who are responsible for organizing and overseeing the All Employee Survey, to search for and collect the information. *See* Def.'s Mem., Attach. 2 (Toole Decl.) ¶ 4. While the two co-chairs were able to provide Mr. Wilson with the numeric results of the survey for both FHWA at large and OCFO, they reported that they could not provide the employee comments in the format requested due to the manner in which the data was collected.[8] *Id.* ¶ 5. Mr. Wilson requested employee comments from a specific survey and DOT employed those responsible for overseeing the survey to locate the comments, which ultimately did not exist in the format requested by Mr. Wilson, therefore, the Court finds there were no other reasonable means by which FHWA could search for responsive records. Mr. Wilson has neither presented contrary evidence nor demonstrated a lack good faith search. *See Maynard*, 986 F.2d at 560. Therefore, the Court will grant DOT's motion for summary judgment with respect to FOIA Request No. 2009-0157.

### C.  FOIA Request No. 2009-0237

In FOIA Request No. 2009-0237, Mr. Wilson asked for records concerning all EEO complaints filed by employees of the OCFO held in the FHWA Office of Civil Rights. In response,

---

[8] Although questions of segregability must be determined in FOIA litigation where information or documents are withheld, *see Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026 (D.C. Cir. 1999), segregability is not at issue here as DOT is unable to parcel out OCFO employee comments from the broader DOT headquarters employee comments. As DOT is incapable of culling out responsive comments, the responsive documents simply do not exist.

the FHWA refused to release any records, explaining that pursuant to the DOT EEO process, formal EEO complaints are handled exclusively by the Departmental Office of Civil Rights, which is located within the Office of the Secretary of Transportation. Therefore, the letter explained, the FHWA was unable to release any responsive records in its files, as any such records would be under the control of the Departmental Office of Civil Rights. The letter also suggested that Mr. Wilson submit a separate FOIA request to the Office of the Secretary of Transportation. After Mr. Wilson appealed this initial determination by the FHWA Office of Civil Rights, the FHWA conducted a new search and located responsive documents consisting of one EEO Counseling Activity Log[9], six acknowledgment letters, and one report of investigation pertaining to discrimination complaints filed under the EEO laws. The EEO Counseling Activity Log, an internal FHWA document, was released to Mr. Wilson with redactions. The letters and report of investigation, which were not internal FHWA documents, were forwarded to the Departmental Office of Civil Rights for review and determination.

The Departmental Office of Civil Rights issued an initial decision refusing to release the report of investigation and five of the six letters pursuant to FOIA Exemption 7.[10] The sixth

[9] In the federal sector, an employee claiming discrimination must first attempt EEO counseling and only if said counseling fails to achieve a resolution may the employee submit an EEO complaint. The FHWA Office of Civil Rights performs this counseling role, but any formal EEO complaints are filed with the Departmental Office of Civil Rights.

[10] Although not mentioned in his complaint, Mr. Wilson first challenges this determination by the Departmental Office of Civil Rights in his opposition to the Defendant's motion for summary judgment. *See* Opp'n at 12. However, Mr. Wilson never filed an administrative appeal of this initial determination, *see* Def.'s Mem. at 22, so it is not before the Court. *Hidalgo*, 344 F.3d at 1258–60; *Wilbur*, 355 F.3d at 676–77 ("exhaustion of administrative remedies is a mandatory prerequisite to a lawsuit under FOIA") (internal quotation marks omitted).

acknowledgment letter was addressed to Mr. Wilson himself and, therefore, was not released to him, although the Departmental Office of Civil Rights offered to make a copy of that letter available to Mr. Wilson upon his request. Mr. Wilson did not appeal.

### 1. Referral to the Departmental Office of Civil Rights

Mr. Wilson alleges that the FHWA possesses responsive formal EEO complaints in its files, and claims that he "saw them with [his] own eyes." Compl. at 6. Mr. Wilson challenges the FHWA's determination that any responsive records are under the control of the Departmental Office of Civil Rights and therefore cannot be released by the FHWA. Regardless of whether, as Mr. Wilson asserts, the FHWA's Office of Civil Rights had some formal EEO complaint records in its files,[11] such EEO complaints originated in the Departmental Office of Civil Rights, and that Office maintains jurisdiction over them. The referral to the Departmental Office of Civil Rights was consistent with the DOT FOIA regulations, which permit DOT agencies to "refer the request (or relevant portion thereof) for decision by a Federal agency that originated or is substantially concerned with the records." 49 C.F.R. § 7.16©.

As the FOIA Appeals Official noted, the FHWA Office of Civil Rights should have "explained why any records related to EEO complaints were under the control of [the Departmental Office of Civil Rights] and not FHWA" and should have referred any responsive documents to the Departmental Office of Civil Rights for review and determination. However, because the FHWA

---

[11] Mr. Wilson discredits the declaration of Brenda Armstead, who says that she searched the files in the FHWA's Office of Civil Rights on October 29, 2009, and found no copies of formal EEO complaints. Mr. Wilson objects because, on July 23, 2009, he spoke with a counselor in the FHWA Office of Civil Rights who, he alleges, pulled formal EEO complaints out of her file. The fact that the FHWA's Office of Civil Rights had formal EEO complaints in its files in July 2009 does not mean that those same records were there at the time of the initial search in October 2009.

Office of Civil Rights did so after Mr. Wilson's appeal, his complaint that they failed to do so immediately, however justified, is now moot.

### 2. Scope of the Request

Mr. Wilson further argues that the FHWA made an "unreasonable and unilateral assumption that the Plaintiff requested only 'formal' complaints." Opp'n at 8. The FOIA Appeals Official determined that the FHWA's interpretation that Mr. Wilson was seeking formal complaints, instead of informal records such as counseling logs, was "more than reasonable." Nov. 20, 2009 Final Agency Decision at 2. An agency may decide to limit the scope of an ambiguous request as long as the narrowed scope is a reasonable interpretation of what the request seeks. *See, e.g., Mogenhan v. Dep't of Homeland Sec.*, No. 06-2045, 2007 WL 2007502, at *3 (D.D.C. July 10, 2007) (holding reasonable an agency determination that a request for an investigative file did not include the employment file); *Adamowicz v. IRS*, 552 F. Supp. 2d 355, 362 (S.D.N.Y. 2008) (finding reasonable agency's interpretation of request seeking records pertaining to tax audit as not encompassing records related to appeal of audit); *see also Larson v. Dep't of State*, 565 F.3d 857, 869 (D.C. Cir. 2009) (upholding a district court's narrower interpretation of a FOIA request than that argued by the plaintiff, as the original FOIA request did not "reasonably suggest" the broad scope argued by the plaintiff). Mr. Wilson's original FOIA application requested "**all** EEO complaints from the OCFO held in the Office of Civil Rights/EEO." April 21, 2009 FOIA Request (emphasis in original). Mr. Wilson formulated his original petition to request "complaints," which reasonably could be inferred to mean formal complaints, as opposed to pre-complaint records, such as counseling logs.

In addition, as noted by the FOIA Appeals Official, Mr. Wilson's appeal of FOIA

Request No. 2009-0237 was broader than the original request. Although Mr. Wilson initially requested records of all EEO complaints, his appeal framed his original request as seeking "all records of EEO complaints" from the same group of employees. Nov. 20, 2009 Final Agency Decision at 2. Here, Mr. Wilson challenges the FOIA Appeals Official's determination that the appeal would be processed based on the initial request and its reasoning that it would be "wholly inconsistent to construe [Mr. Wilson's] request to encompass records related to employee complaints that have not advanced to the point of being formal EEO complaints." *Id.* at 2–3. Agencies must read and interpret a FOIA request as it was drafted, "not as either [an] agency official or [the requester] might wish it was drafted." *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984). Furthermore, an agency need only conduct a search as to the original request, and not to subsequent additions or clarifications. *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388–89 (D.C. Cir. 1996) (finding that a "reasonable effort to satisfy [a FOIA] request does not entail an obligation to search anew based upon a subsequent clarification[] as [r]equiring an additional search each time the agency receives a letter that clarifies a prior request could extend indefinitely the delay in processing new requests"). The Court finds that the FOIA Appeals Official's interpretation of the scope of Mr. Wilson's request was reasonable.

### 3. Redactions to the EEO Counseling Log

The EEO Counseling Log concerns only pre-complaint counseling activity. *See supra* n. 9. As such, the log was not responsive to Mr. Wilson's request for records relating to formal EEO complaints. Nevertheless, Mr. Wilson challenges the redactions made to the EEO Counseling Log. The log was fully redacted except for information on the organizational location of complainants and whether a formal request was filed. Opp'n at 11. The FHWA relies on FOIA Exemption 6, 5 U.S.C.

§ 552(b)(6); 49 C.F.R. § 7.13(c)(6), for the redaction of employee names.  Mr. Wilson does not contest this exemption.  Opp'n at 11 (noting that Mr. Wilson "expected to see names of complainants and third party individuals redacted from this log").  However, a court in this circuit must separately examine any issues of segregability, even where the claimed exemption is not contested, to ensure compliance with the FOIA.  *Trans-Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1028 (D.C. Cir. 1999).

FOIA Exemption 6 applies to information contained in "personnel and medical files and similar files," which include files that "appl[y] to a particular individual."  *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 596 n.1, 601–02 (1982).  If such files are requested, the agency must conduct a balancing test to determine if releasing the information would constitute a "clearly unwarranted invasion of personal privacy," weighing the privacy interest in non-disclosure against any qualifying public interest in disclosure.  *Id.*

The EEO Counseling Log falls within the category of "personnel and medical files and similar files," as the information contained therein concerns individual EEO complainants.  Because EEO charges often concern matters of a sensitive nature, an EEO complainant has a significant privacy interest in keeping confidential the fact that she is an EEO complainant.  Further, the Court agrees with the FOIA Appeals Official's assessment that since "disclosure of EEO complainants' names would [not] shed light on the adequacy of the EEO complaint process," the public interest in disclosure is "not substantial."  Nov. 20, 2009 Final Agency Decision at 4–5.  The balance, therefore, weighs in favor of the privacy interest of the complainants and the FHWA's application of Exemption 6 to protect the names of individual EEO complainants was proper.

The FHWA argues that the other information redacted from the EEO Counseling Log

was not responsive to Mr. Wilson's request, interpreted to cover formal EEO complaints, because the Log covers only pre-complaint informal counseling. Mr. Wilson argues that these redactions were improper because the "information requested 'date, nature, resolution proposed, action taken, and current status' was never disclosed." Opp'n at 11. Mr. Wilson has not introduced evidence to contradict the DOT's assertion that this redacted information falls outside the scope of his request. Because an agency has "no obligation to produce information that is not responsive to a FOIA request," there is no reason for this Court to find these redactions improper. *See, e.g., Ctr. for Biological Diversity v. Office of Mgmt. & Budget*, No. 07-04977, 2009 WL 1246690, at *5 (N.D. Cal. May 5, 2009); *Cal. ex rel. Brown v. Nat'l Highway & Traffic Safety Admin.*, No. 06-2654, 2007 WL 1342514, at *2 (N.D. Cal. May 8, 2007); *see also Cozen O'Connor v. U.S. Dep't of Treasury*, No. 05-4332, 2008 WL 5093379, at *2 (E.D. Pa. Dec. 2, 2008).

The declarations submitted by the Department of Transportation demonstrate that: the FHWA's failure to refer Request No. 2009-0237 to the Departmental Office of Civil Rights was corrected during Mr. Wilson's administrative appeal of the FHWA's initial determination; the FHWA reasonably interpreted the scope of FOIA Request No. 2009-0237; the FHWA properly applied FOIA Exemption 6 in redacting EEO complainants' names from the EEO Counseling Log; and the other redactions did not result in agency withholding of responsive information. Mr. Wilson has neither controverted these assertions by contrary evidence nor presented evidence of agency bad faith. *See Casey*, 656 F.2d at 738. Therefore, the Court will grant DOT's motion for summary judgment as to FOIA Request No. 2009-0237.

## IV. CONCLUSION

For the reasons explained above, the Department of Transportation's motion to dismiss, or

in the alternative, for summary judgment [Dkt. # 5] will be granted as to FOIA Requests Nos. 2009-0081, 2009-0517, 2009-0087, and 20090237. Therefore, this case will be dismissed. A memorializing Order accompanies this Memorandum Opinion.


Date: August 11, 2010                                    _____/s/_____
                                                         ROSEMARY M. COLLYER
                                                         United States District Judge